UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                          DECISION & ORDER

                                              15-CR-6058

STEVEN JONES,
a/k/a Steve-O,
a/k/a Bless,

                Defendant.
_____

      Defendant Steven Jones has been indicted in a multi-count Indictment charging sex trafficking of a minor. This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

      Jones filed several pretrial motions but only one is now at issue: Jones moved to suppress evidence of photographic identification made by three separate witnesses. Magistrate Judge Payson conducted an evidentiary hearing at which the Government elicited testimony from Peter Uzarowski, a Special Agent with the Department of Homeland Security. He was the only witness to testify at the suppression hearing and the 57 page transcript of that hearing has been prepared for this Court's review.

      At the conclusion of the hearing, Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #54) recommending that this Court deny the motion to suppress. Defense counsel timely filed an Objection to the Report and Recommendation (Dkt. #55). Jones claims that the proceedings with the three witnesses were unduly suggestive and the photo arrays

were similarly suggestive because a label marked "Steve-O" was attached to the upper left-hand corner of each 6-person photo array.

After reviewing the transcript of the suppression hearing and the photographic arrays at issue, and after considering the thorough Report and Recommendation and its factual and legal conclusions, I see no reason to modify or reject Magistrate Judge Payson's recommendation. Therefore, defendant Steven Jones's motion to suppress photographic evidence is in all respects denied.

First, there does not seem to be any evidence that any of the three witnesses received any promptings as to which photograph should be chosen nor were any promises or threats made to the witnesses. The arrays contain the same photographs, but the locations had been changed somewhat. I have reviewed the arrays and the photographs themselves are in no way suggestive. The age, hairstyle and race depicted in the arrays are similar. Two of the witnesses identified the defendant and one witness said that a photograph "looked like" the person she knew.

The primary objection raised by the defense is the label "Steve-O" contained in the upper left-hand corner of the array, and underneath that label was the phrase "Created By: MSO-3246," and beneath that the "Creation Date: 02/26/2014." Agent Uzarowski testified that they believed Jones was also known by the nickname "Steve-O" and that fact was, apparently, communicated to at least one of the witnesses. Defendant now contends that notification and also the placement of the name on the array made the process suggestive. I disagree. Although it certainly would have been preferable that the name not be located on the array itself, it appears there was no suggestivity. Two of the witnesses did not identify Jones by the nickname "Steve-O," but claim they knew him as "Bless." The third witness also identified the defendant and knew him as "Bless," although she may have heard him referred to on one occasion only as "Steve-O." The

witnesses gave descriptions of the person they identified, which were similar, and two made positive identifications while the third witness identified him as "looking like" the subject.

The label "Steve-O" was at the top of the array and was not connected with defendant's photograph. To witnesses unschooled in such matters, labels at the top of such an array would seem to have little import, especially since the witnesses here made identifications and referred to the person chosen not by "Steve-O," but by the name "Bless." These identifications also appear to be made by witnesses who knew the defendant previously and it did not involve a one-time, brief occurrence. It appears that the witnesses had more than a few dealings with Jones.

I do not believe that the instructions given to the witnesses nor the photographs themselves were unduly suggestive. Photographs were shown to the witnesses and they were asked if they could identify the person with whom they had dealings. According to the testimony, the witnesses did so without any prompting of any kind. As mentioned, the label "Steve-O" had no import to the witnesses who did not know the defendant by that name, but by a different name, "Bless." The third witness also knew Jones by the name "Bless" and only heard the "Steve-O" reference one time. Under all the circumstances, I find the identification to be reliable and not unduly suggestive. The witnesses certainly could be cross-examined at trial about the matter, but I see no basis to suppress the testimony.

In sum, I believe Magistrate Judge Payson thoroughly discussed the facts and the relevant case law concerning suggestivity and, specifically, the fact that the array had the "Steve-O" label on it. I think her description and discussion is sound and I adopt it.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #54) of United States Magistrate Judge Marian W. Payson.

Defendant's Motion to Suppress Evidence of Photographic Identification (Dkt. #39) is in all respects denied.

IT IS SO ORDERED.

Dated:   September 7, 2016
         Rochester, New York

_____
HON. DAVID G. LARIMER
United States District Judge