UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                 DECISION AND ORDER

                                                 15-CR-6058L

                         v.

STEPHEN JONES,

                         Defendant.
_____

After proceedings in open court on October 27, and October 31, 2016, defendant requested, and the Court granted, leave to proceed *pro se*. A trial was scheduled for December 5, 2016.

Thereafter, on December 1, 2016, literally on the eve of trial, Jones advised that he had changed his mind and now wished to be represented by counsel, but not his prior counsel, Avik Ganguly. Although the timing of the request was questionable, the Court granted Jones' request and indicated an intent to appoint new counsel. Thereafter, in a court proceeding on December 7, 2016, the Court did appoint new counsel, Scott M. Green, to represent Jones.

Pending before the Court is a *pro se* motion (Dkt. #88) seeking various items of relief, generally relating to discovery. The motion was filed on December 12, 2016, but it was dated November 25, 2016.

I deny Jones' *pro se* motion (Dkt. #88). Jones, at his request, has abandoned his decision to proceed *pro se* and has requested counsel. It appears that since the motion was prepared, new counsel has been appointed. Therefore, since Jones has counsel now, this Court is under no


obligation to decide *pro se* motions. Defendants have no right to proceed simultaneously by counsel and *pro se*. Such hybrid representation is not authorized. The Court is under no obligation to consider a defendant's *pro se* motions in light of his being represented by counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. D'Amario,* 268 Fed. Appx. 179, 180 (3rd Cir. 2008); *United States v. Reed,* 2014 WL 4425795 (WDNY 2014); *United States v. Parker,* 2010 WL 114575 (WDNY 2010). Any motions should come from and be filed by counsel.

Furthermore, motions of this same ilk were previously filed, over a year ago (Dkt. #39) by Jones' first attorney. Magistrate Judge Payson ruled on those motions in open court on December 9, 2015 and by Order (Dkt. #42) entered December 10, 2015. There had been a request for an identification hearing and that hearing was held and concluded on April 5, 2016 before Magistrate Judge Payson. The Magistrate Judge issued a Report and Recommendation (Dkt. #54). This Court adopted the Report and Recommendation and entered an order denying the motion to suppress identification (Dkt. #59). So, essentially, the present motion filed by Jones is duplicative of motions already filed and decided. But, as indicated, since Jones is represented by counsel this Court has no obligation to consider *pro se* motions even if they were new motions.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 19, 2016.